United States District Court
Southern District of Texas
ENTERED

JUL 17 1998

Michael N. Milby, Clerk of Court
By Deputy Clerk

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 17 1998

Michael N. Milby
Clerk of Court

| | |
|---|---|
| SAN MARTIN HOME HEALTH, INC., ET AL., Plaintiffs, vs. UNITED STATES OF AMERICA, ET AL., Defendants. | § § § § § § § § § § § B-CV-98-93 |

## ORDER

On this date came on to be heard Plaintiffs' Motion for a Temporary Restraining Order. Plaintiffs are a number of home health care agencies and three patients who seek to enjoin the Defendants from implementing the home health care Interim Payment System (IPS) as reflected in the Balanced Budget Act of 1997 and the corresponding regulations. Based upon the evidence submitted, this Court took judicial notice of a June 22, 1998 decision by Hon. Barefoot Sanders denying plaintiffs' motion for a preliminary injunction in Greater Dallas Home Health Care v. United States, C.A. No. 3-98-CV-0786-H (N.D. Tex.), a proceeding raising issues substantially similar to the instant case. Inasmuch as the above case involved several home health care agencies and the issues that are before the Court in this proceeding are substantially the same, this Court orders that all of the claims of the Plaintiff home health care agencies are hereby **SEVERED** and **TRANSFERRED** to the Northern District of Texas before Judge Barefoot Sanders. Judge Sanders has orally agreed to this transfer. In general, where there is substantial overlap between two cases, transfer avoids the waste of judicial resources and the possibility of inconsistent results. See, Save Power Limited v. Syntek Finance Corp., 121 F.3d 947, 950 (5th Cir. 1997). The Court finds this

C:\WPTEXT\CIVIL\ORDERS.CIV\HHC.WPD

basic legal principle to be particularly relevant in this case where Judge Sanders has already fully considered the request for emergency injunctive relief.

All that remains to be considered are the three remaining home health care Plaintiffs in this case: Betty J. Later, Joel Elizande, and Elizabeth Ann Chresti Reddin. With respect to the patients' claims, this Court is cognizant of the fact that Judge Sanders appeared to address these claims but did not specifically do so in his order. Notwithstanding this fact, it has come to this Court's attention that there is before Judge Sanders another pending case dealing with essentially the same issues, but with an individual patient as a Plaintiff. <u>Case Review and Research Consultants Inc., et al. v. United States, et al.</u> includes patient Eddie Mack as a Plaintiff and is currently before Judge Sanders.

The Court is cognizant of the fact that Plaintiffs' counsel has informed the Court that transfer of this case to the Northern District of Texas, Dallas Division would cause hardship for the individual patient Plaintiffs. The Court advised him that, at his request, it would not transfer the patient portion of this case but merely defer from any further proceedings in this matter until Judge Sanders entered final orders in his case. Regardless of the choice the Plaintiffs make, whether to transfer their claims to the Northern District of Texas before Judge Sanders or to keep the case before this Court, it is emphasized that for reasons of justice, judicial comity, and judicial consistency, this Court intends to honor, follow, and if necessary adopt any determinations made by Judge Sanders on similar matters in these cases. Judge Sanders has orally agreed to consolidate the three patients' claims with the patient case he has pending before him at this time.

Accordingly, it is hereby **ORDERED, ADJUDGED, and DECREED**, that all of the claims of the Plaintiff home health care agencies are hereby **SEVERED** and **TRANSFERRED** to the Northern District of Texas before Judge Barefoot Sanders. The three patient Plaintiffs through their

attorney should **SUBMIT** an order to this Court within **TEN** days stating whether they wish to transfer their claims to the Northern District of Texas before Judge Sanders or whether they wish to keep the case before this Court.

**SO ORDERED.**

DONE at Brownsville, Texas this 17th day of July 1998.

**FILEMON B. VELA**
United States District Judge

C:\WPTEXT\CIVIL\ORDERS.CIV\HHC.WPD